EL DORADO BUILDING & LOAN ASSOCIATION *v.* UNION SAVINGS BUILDING & LOAN ASSOCIATION.

4-3556

Opinion delivered October 29, 1934.

*Archie D. Murphy* and *Coulter & Coulter,* for appellants. .

*Marsh & Marsh,* for appellees.

HUMPHREYS, J. The issues of this appeal are whether, first, a contract providing for the Union Savings Building & Loan Association of Little Rock, Arkansas, to absorb the assets of the El Dorado Building & Loan Association of El Dorado, Arkansas, was void; and, second, whether a secret contemporaneous agreement for the Union Savings Building & Loan Association to pay W. F. Matthews $11,000 out of the assets it should receive from the El Dorado Building & Loan Association for consummating the main contract was void. The contracts were entered into on the 15th day of March, 1932. The main contract, in effect, provided for all the assets of the El Dorado Building & Loan Association, except $125,000 worth of real estate, to be turned over to the Union Savings Building & Loan Association, said real estate being reserved for division *pro rata* between the stockholders of the guaranty stock upon surrender of their stock for cancellation. The total amount of its guaranty stock was $100,000. The consideration of the main contract was that the Union Savings Building & Loan Association should carry out and perform all the contracts of the several investment stockholders of the El Dorado Building & Loan Association, such as receiving the dues, paying the dividends thereon, etc. The

total amount of investment stock was $316,839.70. No indemnity or security was given by the Union Savings Building & Loan Association for the faithful performance of the contract on its part. Pursuant to the agreement, all the assets of the El Dorado Building & Loan Association were transferred and conveyed to the Union Savings Building & Loan Association, except the real estate reserved and divided *pro rata* among the guaranty stockholders of the El Dorado Building & Loan Association, and $11,000 in money and real estate was turned over to W. F. Matthews out of the assets of the El Dorado Building & Loan Association for negotiating and consummating the deal; whereupon, on December 31, 1932, the El Dorado Building & Loan Association filed its certificate for dissolution. The Union Savings Building & Loan Association collected the monthly dues on the installment investment stock and paid dividends for a short time on the fully paid investment stock that it had obligated itself to pay under the contract, and that it ceased to pay after March 1, 1933, at which time it went into liquidation. The investment stockholders were not convened to approve the contract, and same was not ratified by the consent of the shareholders holding a majority of the shares in each of the respective contracting associations. The contract was approved by the directors and guaranty stockholders but no others. The negotiations on the part of the Union Savings Building & Loan Association in making and executing the contract were conducted by G. Russell Brown with W. F. Matthews representing the El Dorado Building & Loan Association, and the agreement relative to the commission is as follows:

"As a side agreement and inducement to W. F. Matthews, secretary of the El Dorado Building & Loan Association, I have agreed that we shall pay to him, for his services in connection with the transfer of these assets, the difference between a hundred and twenty-seven and a hundred and thirty-eight thousand dollars, which is to be paid as follows: Forty-six hundred dollars cash and sixty-four hundred dollars in real estate which is owned by the company."

The above memorandum was marked "confidential" and was handed by Brown to the president of the Union Savings Building & Loan Association. When the Union Savings Building & Loan Association went into liquidation, certain investment stockholders for themselves and others similarly situated brought this suit in the second division of the chancery court of Union County to set aside the main and contemporaneous contracts on the ground that they were contrary to law and void. The allegations of the complaint were controverted, and, upon a hearing of the cause, the trial court rendered the following decree:

"The contract in suit was void *ab initio;* that it was never ratified, and that the plea of estoppel is not well founded; that plaintiffs (and the other stockholders similarly situated) recover the property conveyed to W. F. Matthews, and recover judgment against him for the amount of cash paid to him in connection with the transaction between the two associations; that all the property reserved to the guaranty stockholders be recovered of and from them, and that all conveyances affecting any of the property conveyed by the El Dorado Association be canceled; that the Union Savings Building & Loan Association, and all other parties fully account for all properties received by them from the assets of the El Dorado Building & Loan Association."

An appeal has been duly prosecuted to this court from said decree.

The absorption of the assets of the El Dorado Building & Loan Association by the Union Savings Building & Loan Association was attempted under act 128 of the Acts of 1929. Section 6 of that act prohibits the withdrawing of guaranty capital stock until final liquidation of an association, and requires that the funds derived from the sale of such shares shall be set aside, and be a permanent and fixed guaranty to all other shareholders and certificate holders that the association will fulfill its agreement with them as per terms of the contract issued to them. The contract in question provided for the withdrawal of certain real estate to liquidate the guaranty stock, and was withdrawn and divided between the hold-

ers thereof contrary to the provisions of the act. The contract also violated § 22 of act 128 of the Acts of 1929, which required the consent of the shareholders holding a majority of the shares in each of the contracting associations in case of a merger. Appellants insist that § 22 had reference to shareholders who had a right to vote under the by-laws of the associations, and have called our attention to the by-law of the El Dorado Building & Loan Association allowing guaranty shareholders only to vote. The act does not so state, but, on the contrary, provides that, before there can be a merger of two associations, the consent of the shareholders holding a majority of the shares in each of the contracting associations must be obtained. The character of contract entered into was prohibited by act 128 of the Acts of 1929 and was void *ab initio* and was incapable of ratification.

W. F. Matthews was acting in a fiduciary capacity, and had no right to appropriate assets belonging to his employer as a commission for negotiating and executing a contract prohibited by law, and especially when this commission was paid him secretly and without the knowledge of the guaranty stockholders, as shown by the record in this case.

No error appearing, the decree is in all things affirmed.